Rouse, Jr. v. Law Offices of Rory Clark Good morning, Your Honor. We really ought to turn the lights on back there. They are on, Your Honor. We don't have lights? We do have lights, but that's a Friday table. Oh, all right. They were counting on the bright Pasadena sunshine, Your Honor. Can you see? Do we have a little light there? I'm good, thank you. Okay. You all right? Okay. Will I press this to start the timer, or does that happen when I start? No, no, we do that for you. Okay. It's a full service. Fantastic. And then when ten minutes come, there's a button, and you go down through a trap door. I see the hinges. Okay. May it please the Court, my name is Ian Chowdhury. I am the attorney for Appellant Martin Rouse. First thing, obviously this is the first thing Monday morning, the day after Easter, and recognizing the Court is composed of human beings, I appreciate the opportunity to be talking to you. I know you've all traveled here various distances. I'll try and do what I can to make my ten minutes helpful. The issue before the Court is, when is it okay to impose costs on a consumer plaintiff in a Fair Debt Collection Practices Act? So you've got a consumer who sued a debt collector. When is it okay to impose costs on that consumer? The answer is very straightforward. It's only okay to impose costs when the plaintiff has brought that case in bad faith and for the purpose of harassing the debt collector. So before I outline my argument for why that's the answer, let me back up two steps and we'll ask, what is the Fair Debt Collection Practices Act and who enforces it? Well, it is protection for all of us against debt collectors that are errant. Debt collectors gone wild, if you will. It happens sometimes. Are there any tame debt collectors? I don't know that any of them have been truly domesticated, Your Honor. Counsel, would you define costs? Define? Oh, costs. Yes. Yes. Costs are at least as statutorily delineated in 28 U.S.C. 1920. And you get things like- Is that the extent of your claim, then? Pardon? Is that the extent of your claim? Well, I'm not claiming costs here. The debt collector's got costs. So your question might be, are the costs under the FDCPA limited to the same items that they would be under 28 U.S.C. 1920? Arguably, those costs are broader under the FDCPA. Arguably, the debt collector can get more under the FDCPA than they could under 1920. I will say this. The costs under the FDCPA are at least as much as you could get under the general costs provision. It may or may not be more, but it's at least the same. As I was saying, who enforces the FDCPA? Well, consumers do. And they enforce it by bringing Fair Debt Collection Practices Act lawsuits. That is the predominant way the FDCPA is enforced. It's written that way. The Congress commented on it when they passed it, that they thought it would be self-enforcing by the bringing of lawsuits. And so why is that important? Because what's going to be determined by today's case is, will anybody dare enforce it from here on forward? And when I talk about policy at the end, you'll see why that is. So I've said that the answer is, you can only impose costs on the plaintiff, on the consumer, if they brought the case in bad faith and for the purpose of harassment. There's three big reasons for that, and that's what I'm going to talk about. It's by statutes. You know, the language of the rules and the statutes is the first reason. The second reason is the case law. And the third reason is the public policy. So the language of the rules and statutes is where you go first when you're interpreting a law. And you've got two sets here. One is, what is the default provision for costs, just in litigation generally? Well, if you're a prevailing party, you have statutory costs that are limited, relatively speaking. Exactly. It's just a general claim for attorney's fees, costs of all kinds, whether statutory or maybe a graph machine or whatever you're using in your office, and all kinds of expenses other than pure legal fees. Correct, Your Honor. And that is the general rule. And that's under FRCP 54-D and under 28 U.S.C. Is there anything in the legislative history that expresses the differential between the two statutes? Exactly. That's the question, and there is. Under FRCP 54-D, it says, essentially, that the prevailing party gets costs, presumptively, unless a U.S. statute provides otherwise. And that's what we have here, is we have an FDCPA statute that provides otherwise. In other words, instead of the prevailing party getting costs, you have the FDCPA section. It's 15 U.S.C. 1692 K.A. 3, and it's all over the place. And what you have there, instead of prevailing party, here's the language, if an action, quote, was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees, reasonable in relation to the work expended, and costs. So having a statute that says you can get costs if you have bad faith and harassment, then presumptively you can't get costs if you don't have bad faith and harassment, or that language would be meaningless. Now, what does bad faith and harassment modify, is the question. It modifies when you can get attorney's fees, and it modifies when you can get costs. The court here, the trial court, said a different interpretation. It said costs wasn't there to say, hey, you can get costs if there's bad faith and harassment. Costs was just in that sentence to help you determine what is a reasonable attorney's fee. But that doesn't make any sense for two reasons. That's not how the sentence is written. But also, costs have nothing to do with what your reasonable attorney's fee is. Imagine being an attorney, and you're saying— The trouble I have with just using the term costs, what's the difference between costs and statutory costs in terms of what a party would be entitled to? I think this is the same question you had before. I tried to address it by saying— I know that's what requires more than anything else in the case, and that's why I'm coming back to it. If you're implying or thinking that costs under FDCPA are broader than under 1920, you could be correct. And I don't know if there's a case defining that. Let me ask you, did the district court make findings of bad faith and harassment against the plaintiffs? No, Your Honor. There was no such finding. It's not an issue in the case that there was bad faith and harassment. That's a given? It is a given. There was no bad faith or harassment finding. There was no bad faith or harassment— There was no request for a bad faith or harassment finding. Well, but don't you have to have such findings if you're going to get costs here? Exactly, Your Honor. That's our position. And I think that's clearly written in the statute. But there weren't those findings— There weren't those findings, Your Honor. So how are you going to recover costs? I'm not trying to recover costs. I represent the consumer whom the costs were taken from. And here's—so that's why I'm appealing. I mean, it seems to me a straightforward issue that you've got to have bad faith and harassment. What the trial court said was that you don't have to have bad faith and harassment and that the reason costs are in there is just as a determinant of what are the reasonable attorney's fees. But that makes no sense. Can you imagine being an attorney and saying— I heard you say you were representing the law offices of Rory Clark. So I'm— Hence the confusion. Okay. All right. And I've got 40 seconds left to clear up that. Well, counsel, before you do that, Judge Bezer has asked you several times about the meaning of costs. And in answering his question, you said that costs may be broader in this statute than ordinary costs, which under Rule 54D, there's a presumption that the prevailing party gets an award of costs. But you're saying that it may mean something broader than statutory costs or ordinary court costs. Was anything other than ordinary costs, court costs, awarded in this case? No. No, Your Honor. Everything in this case would also have been under 54D. All right. And, in fact, I'm not saying it is broader. I'm saying it's at least as broad. They may be the same thing. My next question would be, is there anything in the statute that would support your statement that it might be broader than just ordinary costs? I don't want it to be broader. I wouldn't think so. I don't have a preference one way or the other. All right. I'm just saying that it's— It might help your argument, though, in saying that there's a burden of showing bad faith to recover these costs if there's something more than ordinary costs, which are always awarded, wouldn't it? Perhaps. All right. Now, you've made reference to the purpose of the statute, and it's a remedial statute. It provides a cause of action for folks who are victims of harassment by bill collectors and so forth. And I think you're pointing that out as some justification for the understanding why Congress might have made a different provision for costs in this statute and deviated from the ordinary situation where a winner gets costs. Am I right? Absolutely, Your Honor. All right. Look at some of these other statutes. And this is—of course, we could point to many statutes that are entitled to benefit consumers, and there are indeed a lot of them in the federal code. We have the Truth in Lending Act. We have the Fair Credit Billing Act. We have the Consumer Leasing Act, on and on and on and on. Can you point us to any other consumer protection statute in which Congress has reallocated the burden of costs? I wish I had an answer on the top of my head for you for that, because that's something I was coming across as I did the research. And I do believe that it is similar to the FDCPA situation in the other consumer protection statutes. However, I don't want to— But as far as I can tell, all of those statutes, all the other consumer protection statutes, the standard rule applies. The prevailing party gets costs, whether it's the plaintiff or defendant. Well, there is, I know of at least one for sure where that is not the case. And again, I don't want to point you to the ones where I don't have it right in front of me. Well, don't we have situations in some civil rights cases where the defendant doesn't get costs? Because to allow the defendant to gain costs is going to have a negative and discouraging effect on people who bring these lawsuits. I think that's exactly right, Your Honor. Your Honor, in the 1988 cases, you had a similar situation to what you have here, which is that the whole reason for having these protection statutes is to encourage people to be able to bring them. It takes a very low financial bar to block all ability of consumers to bring these cases. I mean, typically you only get $1,000 that you can get if you win. The pool of potential plaintiffs is people who are having interaction with debt collectors in the first place. These are people who are having debt collectors contact them. And let's say the rule is that you can get attorneys, the debt collector can get attorney's fees simply if the plaintiff loses. Not brings it in bad faith, but just loses. And it doesn't take much to lose, especially when the debt collectors have all these resources for a team of attorneys, all the depositions they want, and so on. If all you have to do is lose, and you're on the hook for potentially thousands of dollars, and you can't even pay your credit card bills in the first place, and that's the rule, well, the consumer attorney has to tell the plaintiff that as a duty, that, hey, you could be risking thousands of dollars here if you bring this case. No one's going to bring that case. Now, it should be the situation that if you bring it in bad faith, sure, you get socked with costs. But if it's just that you lose, and you can be right, and you can lose, especially when the other side, almost by definition, dwarfs your resources. No one will bring the FDCPA cases anymore. And that's the only way, that's the primary way. So that's your argument that for the debtor, you can be liable for costs to the creditor. It's necessary for the trial court to make a finding of bad faith and harassment. That's correct, Your Honor. And the cases that have looked at the issue, and there have been not many, have said exactly that. It takes bad faith and harassment. There's a couple district court cases that come to that conclusion. What about the legislative history? Legislative history. Does that cast any light on this subject? It does, Your Honor. There's a Senate report. The Senate report is cited in my brief, and there are a couple spots in there, cited in my brief, where it is said that the debt collector is protected here against bad faith and harassment, because when there is bad faith and harassment, they can get attorney's fees and costs. The same thing the statute says, and sets out the purpose, which we can easily infer from the statute, which is that that's to protect, you know, that's to make sure no one steps over the line. You have to pay costs and fees if there's bad faith and harassment. All right. All right. Thank you. Thank you, Your Honors. If I have any time left, I'd like a chance to respond. We've got that opportunity. If you don't, we'll give you a few minutes. Good morning, Your Honors. May it please the Court, my name is June Coleman, and I represent defendants in the law office, the lawyer, the lawyer's client, and the lawyer's paralegal. And I think that this case really boils down to the statutory language, and I want to point out the statutory language in particular, which comes from our brief on page 5 and 6. You got a default judgment here, right? No, we did not, Your Honor. We went to trial. There was a judgment in favor of the defendant client. There was a trial. There was a trial. There was a trial. But then Rouse, a default judgment was obtained against Rouse. That's the underlying collection lawsuit, and it's not Mr. Rouse who appears before you today as the appellant, but rather his father. But wasn't Appellant Rouse the one who appears before us today? Wasn't he the one who was served with this lawsuit by mistake? We believe his father was served properly. That's according to the registered process server declaration and proof of service. And then a default was taken? A default was taken against his father, Your Honor, yes. And then was the father moved to set it aside? No, Your Honor, the father did not. The father did not, so the default is there. The default stands, Your Honor. But the costs arise out of the FDCPA claim. So to give you a little background on the case, this case arises under the Fair Debt Collection Practices Act of the FDCPA, and it arises under the allegations that Mr. Rouse was subjected to improper collection activity. There was a trial in that case, and at the close of the plaintiff's case in chief, there was a judgment entered in favor of the lawyer's client, and then the rest of the defendants put on their case in chief, and the jury returned a verdict in favor of all defendants, except the one that had already had a judicial judgment entered. At that point, the defendants sought costs, and under Section 19-20 and Rule 54, the issue that appellants asked us to address today is whether costs were properly awarded. And appellants asked us to look at the FDCPA, and the language of the FDCPA, 1692Ka3, the first sentence says, in the case of a successful action, the costs of the action together with reasonable attorney's fees are determined by the court and awarded to plaintiff. Costs and reasonable attorney's fees. Well, you have here under 1692Ka3 provides on a finding by the court that an action under this section was brought in bad faith, and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs. So there was no finding either made by the court or by the jury that this action under 1692Ka3 was brought in bad faith and for purpose of harassment. Is that true? That is absolutely true, Your Honor. But the way I interpret and defendants interpret the second part of that statute is that the bad faith and harassment finding goes to the prerequisite to awarding fees, and the reasonableness of the fees are determined based on the work expended and the costs. Now, the legislature knew how to draft. Oh, you think so, huh? I do. Yeah? The legislature knew how to draft an unambiguous attorney's fees provision. That's another fiction in the law. It did so in the very beginning of the subsection and said costs and attorney's fees, and I believe Judge Graham asked about other statutes with respect to my learned colleague, and I'd like to point out, for instance, the ADA, which I think was cited in the Buchanan case, Section 12205, its statutory language says reasonable attorney's fees, including litigation expenses and costs. That's if there's a finding of bad faith and harassment. Exactly. Reasonable attorney's fees, comma, including litigation expenses and costs. In the statute that was discussed in Gwin, which was a case that was cited by appellants, the statute says costs and fees are only awarded if bad faith and harassment finding. So I think that the — Let me ask you, what's the overall purpose of this statute? I think there's a couple of purposes. The Debt Collections Act. I think the statute was drafted to unify and solidify a common standard for debt collectors and collection agencies, but it also balances the needs of the society for debt collection versus the needs to have — There's a big need in society for debt collection. There is, Your Honor. Really? The economy runs on it. It would increase prices incredibly if debt collection did not occur. So if we get back to the language of the statutes, it's clearly an ambiguous statute. I will give you that. I think our reading is — Well, this is supposed to be a remedial statute, isn't it? It is supposed to be a remedial statute. Well, then you've got to construe it in favor of the folks that Congress thinks is helping. Within the — Congress thinks is helping the debtor. And it's saying, okay, the only time, Bill Collector, that you can get costs, you can get attorney's fees and costs, if the court finds there's bad faith or harassment. And that wasn't found here. Well, I think that the remedial nature of the statute should be tempered against — It has to have a finding. There's no finding here. There is no finding. Almost any case where the collection agency is successful, there will always be an argument for attorney's fees and costs. Well, I don't think that there's an argument for attorney's fees unless there's a finding of bad faith and harassment. I do think that you're allowed to get costs under Section 1920 based on the language of the statute. How much was this debt? It escapes me at the moment, Your Honor. Well, you had — was it $6,000 in costs? And over $100,000 in attorney's fees to prosecute the FDCPA action and bring it to trial. And you can't tell me how much was being sued for? I cannot, Your Honor. And the reason why I cannot is because it's irrelevant to the FDCPA action. It wasn't the action I tried. Isn't the amount of issue on fixing a discretionary attorney's fee not considered by the court? You mean you can get $100,000 in attorney's fees for collecting $10? That's nuts. Let me back up just so we're clear, the record's clear. The trial on the Fair Debt Collection Practices Act case, not the collection case, cost over $100,000 in fees. It's not — Those were the defense fees for the debt collector, right? Those were the defense fees in the case that's before you, yes. All right. Those are fees that we did not request because we did not request a finding of bad faith and harassment. Counsel, as I understand your argument, this reference to cost in the statute was not intended to do away with the award of costs under Rule 54D to a successful litigant. But it's in there, as I understand your argument, this reference to cost — and you've convinced the trial judge of this — that the reference to cost is just one of the elements to be considered in determining the amount of attorney's fees to be awarded. That's your argument, isn't it? Yes, it is. How can you relate the amount of costs to the amount of attorney's fees? What is the relationship? I just don't see how that would work. I think the costs would back up the efforts that the attorney did. For instance, deposition costs would evidence the length of the deposition. Third-party subpoenas would evidence hours spent on third-party discovery. All right. Now, stop right there. I understand that's your argument. We have just a large body of law that deals with how to determine the reasonable value of attorney's fees in all kinds of cases. The Lodestar Rule. I've never seen a Lodestar case that included the amount of costs in determining the attorney's fees. I have not either, no. All right. But I do think that there's an alternative means to get to the same result. Even if this court were to decide that costs require, under the FDCPA, an award of costs to defendants, require a determination of bad faith and harassment, there were other causes of action that were alleged against defendants, causes of action which appellant would argue were dismissed and, therefore, could not support a finding of attorney's fees. However, there is nothing in the record that indicates a dismissal. There's no dismissal before an answer pursuant to Rule 41. There's no stipulation to dismissal that was filed with the court. There's no court order that said that those causes of action were dismissed. And to argue at this date that the judgment against his client is only under the FDCPA and that the other causes of action could be prosecuted again, I think is narrow-minded. Why do you spend $100,000 in attorney's fees? There must have been some larger purpose. Because plaintiffs sought over a million dollars as damages and attorney's fees in relation to improper collection activity. You know what the man said once, the zeros don't count. Well, then $100,000 doesn't, you know, the zeros don't count. No, so we give you a dollar. How's that? But it's just, now you cited, did you cite Kerr v. Green Actors Guild? I don't know that I did. And your, no, I did not. I thought it was cited here. But your question regarding that case, Ron? No, just historical significance is that that was a case where Judge Hufstadler reversed May O in the late 60s. It was a terrible opinion. And when I got on the circuit, I thought I cut the legs out from under that case. But people are still citing it. I'm familiar with Kerr factors, but to get back to my point regarding the other causes of action, Appellant has argued that that would require a factual determination that the district court has not made. And I would suggest to you, Your Honors, that you are in just as good a position to make that determination having the file in front of you. That's not our line of work. I understand that, Your Honor. Yeah, all right. Your time is up. Thank you, Your Honor. Okay.
judges: Graham, Pregerson, Beezer